IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**DANIEL DEUTSCH,**

       **Plaintiff,**

v.                                              **Case No.: 3:23-cv-00436**

**IEC GROUP, INC., d/b/a AMERIBEN,**

       **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant's IEC Group Inc., d/b/a AmeriBen ("AmeriBen") Motion for More Definite Statement. (ECF No. 3). For the reasons that follow, the Court **DENIES** the Motion. However, because this action was filed in the Magistrate Court of Cabell County, which does not allow an opportunity for much detail in the initial pleading, and the subsequent materials provided by Plaintiff include factual allegations that supplement and clarify his claim, the Court **ORDERS** Plaintiff to file an Amended Complaint within **twenty (20) days** of the date of this Order, as explained below.

Rule 12(e) permits a party to request a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) "must be read in conjunction with Rule 8," *Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 822 (4th Cir. 1973), which requires a complaint to simply contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Thus, if "the complaint

1

conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement." *Hodgson*, 482 F.2d at 824. Moreover, Rule 12(e) is "designed to strike at unintelligibility rather than simple want of detail," and thus the motion "will be granted only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading." *Pugh v. E.E.O.C.,* No. CIV.A. DKC 13-2862, 2014 WL 2964415, at *3 (D. Md., June 30, 2014) (quoting *Frederick v. Koziol*, 727 F.Supp. 1019, 1020–21 (E.D.Va.1990)).

In moving for a more definite statement, AmeriBen describes Deutsch's complaint as alleging "that an unknown contract was breached at an unknown time regarding an unknown healthcare claim with an unknown provider for unknown care which was allegedly preventative and which should allegedly have been covered in full." (ECF No. 4 at 8). Though lack of detail would itself be insufficient to warrant a more definite statement, *Pugh*, 2014 WL 2964415, at *3, the documents attached to Deutsch's complaint contain the details AmeriBen asks for, identifying the date, provider, and care, and even the claim number. (ECF No. 1-1 at 7, 18). AmeriBen feigns ignorance of the nature of Deutsch's claims, asserting that Deutsch's complaint refers to an "unknown contract," yet simultaneously provides the Court with the full text of the Plan document, (ECF No. 3-1), on which Deutsch's claim is based. AmeriBen cannot credibly argue that Deutsch's complaint is too vague and ambiguous to frame a response, when AmeriBen independently recognized that Deutsch's complaint asserted a claim for the wrongful denial of benefits preempted by ERISA. Accordingly, the undersigned **FINDS** that Deutsch's complaint is intelligible and that the standard for a more definite statement has not been met.

Nevertheless, as AmeriBen points out, Deutsch's allegations are largely conclusory. He states that AmeriBen "breached" its contract, "failed to properly pay" a health claim for preventative care, and "acted in bad faith." (ECF No. 1-1). These allegations are best described as "unadorned, the-defendant-unlawfully-harmed-me accusation[s]"; rather than the well-pleaded statements of *fact* required by federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to state a plausible claim under federal law, Deutsch must include enough facts in his complaint (taken as true) to suggest that he is entitled to relief. *Id*. In other words, instead of simply saying that AmeriBen breached its contract, Deutsch *must include the facts of how* Defendant allegedly breached the contract—what did it do, or say, or fail to do—similar to what he did in response to the Motion for More Definite Statement. (ECF No. 6 at 2).

Unfortunately, "a plaintiff may not cure a defect in a complaint or otherwise amend a complaint by way of opposition briefing." *Harris v. Johns Hopkins Health Sys. Corp.*, No. CV ELH-23-701, 2023 WL 3624733, at *5 (D. Md. May 23, 2023) (collecting cases). For that reason, it is not enough that Deutsch went through the facts in his response to the Motion to Dismiss or for Motion for More Definite Statement. He must state the factual allegations in his complaint. As was the case in *Harris,* Deutsch never sought to file suit in federal court, and when he submitted his complaint to the Magistrate Court of Cabell County, he was provided a form complaint that left very little room for extrapolation. Consequently, Deutsch should be given an opportunity to amend his complaint and include the factual basis for his claim as set forth his later filings. *See Harris,* 2023 WL 3624733, at *10 (holding that plaintiff could not be faulted for failing to meet federal standards in his state court complaint and allowing an amended pleading); *Kyser v. Edwards*, No. 2:16-CV-05006, 2017 WL 891293, at *1 (S.D.W. Va., Mar. 6, 2017)

3

(granting plaintiff leave to amend the complaint rather than dismissing claims, where plaintiff was *pro se* and had filed in state court); *Francois v. Healthcare Revenue Recovery Grp., LLC*, No. MO18CV00182DCRCG, 2019 WL 2563849, at *2 (W.D. Tex., Feb. 5, 2019), *report and recommendation adopted*, No. 18-CV-00182-DC, 2019 WL 2563843 (W.D. Tex., Feb. 22, 2019) ("Accordingly, because this case was originally filed in state court, Plaintiff, in the interest of justice, should be afforded the opportunity to file an amended complaint which complies with the pleading requirements of Rules 8 and 9(b) of the Federal Rules of Civil Procedure."); *Greene v. Cap. One Bank*, No. 2:07-CV-687 TS, 2007 WL 4270586, at *2 (D. Utah, Dec. 3, 2007) ("Here, Plaintiff's Complaint was initially filed in Justice Court. While Plaintiff's Complaint may have been sufficient for Justice Court, it may fail to meet the heightened pleading requirements found in federal court. Because it was Defendants who removed this action, and because Plaintiff is proceeding pro se and is not legally trained, the court finds it appropriate to allow Plaintiff an opportunity to amend his Complaint.").

Therefore, the Court **DENIES** the Motion for More Definite Statement, but **ORDERS** Deutsch to file an Amended Complaint within **twenty (20) days** of the date of this Order, in keeping with the above explanation. Deutsch shall use the form provided with this Order. No filing fee is required. This Court has federal question jurisdiction over the issue in this case as it is brought under ERISA.

In order for the Amended Complaint to be sufficient, Deutsch must include **factual** allegations, rather than just conclusions, to describe how AmeriBen breached its obligations to Deutsch. He may attach additional pages as needed, and may use the allegations previously stated in his briefings if he wishes. (ECF No. 6). Deutsch shall complete the form as indicated in the form itself and return the completed and signed

document to the Clerk of Court. Deutsch shall send a copy of the completed Amended Complaint to counsel for AmeriBen.

The Clerk is directed to provide a copy of this Order and the Pro Se 1 "Complaint for a Civil Case" Form available on JNet to Plaintiff and a copy of this Order to counsel of record.

**ENTERED:** September 11, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge