IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DANIEL DEUTSCH,

          Plaintiff,

v.                                  CIVIL ACTION NO. 3:23-0436

IEC GROUP, INC.
d/b/a AMERIBEN

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant IEC Group, Inc. D/B/A AmeriBen's ("AmeriBen") Motion to Dismiss Complaint (ECF No. 3) and Renewed Motion to Dismiss Amended Complaint (ECF No. 16). For the reasons explained below, Defendant's motions are **DENIED**.

**FACTUAL BACKGROUND**

Many months and much ink have been spilt over something that amounts to a rather simple insurance coverage dispute. On May 11, 2023, Plaintiff Daniel Deutsch filed a civil complaint in Cabell County Magistrate Court, using a court-provided form, alleging that AmeriBen, as an alleged agent of Deutsch's health insurance carrier, "breached its contract and failed to properly pay a health claim for preventative care which is fully covered per the health insurance plan." Compl., ECF No. 1-1 at 4. Deutsch sought $309.59 in damages for the health care services as well as $18.48 for certified mail costs, $70.00 for filing fees, and $101.93 for lost time. *Id.* The attachments to Deutsch's original complaint make clear that the $309.59 fee was for preventative services Deutsch received on May 25, 2022. *Id.* at 7. It appears that Deutsch

believes that the bloodwork would be covered after written conversations he had with customer service representatives.[1]

On June 14, 2023, AmeriBen removed the case to this Court, noting that inasmuch as Deutsch's health plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), Deutsch's claims raise a federal question. Notice of Removal, ECF No. 1.

Because Plaintiff Daniel Deutsch is proceeding *pro se*, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On September 11, 2023, the Magistrate Judge submitted proposed findings (hereinafter "First PF&R") and recommended that Defendant AmeriBen's Motion to Dismiss (ECF No. 3) be granted, in part, with respect to Deutsch's claim for extracontractual damages, and denied, in part, with respect to Deutsch's claim for denial of benefits under his employer-sponsored health plan. *See* First PF&R, ECF No. 12. AmeriBen filed objections to the Magistrate Judge's First PF&R on September 25, 2023. Objections, ECF No. 14.

Contemporaneously with her entry of the First PF&R, Judge Eifert entered a separate order denying AmeriBen's Motion for Definite Statement and directing Deutsch to file an Amended Complaint within twenty days. Consistent with Judge Eifert's order, Deutsch filed his Amended Complaint on September 19, 2023. Am. Compl., ECF No. 13. Thereafter, AmeriBen filed a its Renewed Motion to Dismiss Amended Complaint. ECF No. 16.

---

[1] As will be noted below, AmeriBen maintains that these representatives are third parties whose actions and representations AmeriBen cannot be held to account for, yet that is a factual dispute not properly resolved on AmeriBen's motions to dismiss.

On December 7, 2023, Judge Eifert entered a second Proposed Findings and Recommendations ("Second PF&R") recommending that the renewed motion be denied. ECF No. 23. AmeriBen timely filed objections on December 21, 2023. ECF No. 24.

## LEGAL STANDARD

Where a plaintiff proceeds in litigation *pro se*, the reviewing court is obligated to liberally construe his complaint. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (holding *pro se* pleadings to a less demanding standard than pleadings drafted by an attorney). "This liberal construction of *pro se* pleadings allows for the development of potentially meritorious claims." *Corr v. Bureau of the Pub. Debt*, 987 F. Supp. 2d 711, 716 (S.D.W. Va. 2013).

Additionally, when reviewing objections to a magistrate judge's proposed findings and recommendations, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations is made." 28 U.S. § 636(b)(1). "However, the Court is not required to review, *de novo* or by any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed." *Corr*, 987 F. Supp 2d at 716 (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Finally, to survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the facts alleged in the complaint need not be probable, the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court accepts all factual allegations in the complaint as true. *Id.* Still, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. If a court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* (quoting, in part, Fed. R. Civ. P. 8(a)(2)). Nonetheless, a plaintiff need not show that success is probable to withstand a motion to dismiss. *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.").

## ANALYSIS

**A. Defendant's First Motion Is Mooted by Plaintiff's Amended Complaint.**

Inasmuch as Deutsch filed an Amended Complaint, his original Complaint is superseded and any challenges to the original complaint are mooted. *See Fawzy w. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in this case, it renders the original complaint 'of no effect.'").[2] Accordingly, the Court denies AmeriBen's Motion to Dismiss, ECF No. 3, as moot and need not address AmeriBen's First Set of Objections to Judge Eifert's First PF&R.[3]

---

[2] AmeriBen does not appear to dispute the propriety of the Amended Complaint in this case.

[3] Indeed, Deutsch has dropped his claim for extracontractual damages, *see* Am. Compl. 4 (listing the amount in controversy as $309.59), and (2) the remaining arguments in AmeriBen's original motion to dismiss are addressed in its renewed motion.

**B.  Defendant's Second Set of Objections Are Overruled.**

AmeriBen submits two objections to Judge Eifert's Second Proposed Findings and Recommendations. First, it argues that the Second PF&R "relies on factual allegations and legal arguments outside the pleadings;" and second, it submits that the Second PF&R "disregards binding Fourth Circuit precedent and constructs the Plaintiff's legal arguments for him." Second Set of Objs. at 3. For the reasons discussed below, neither argument is meritorious.

*1. The Magistrate Judge Did Not Improperly "Rewrite" Deutsch's Pleadings*

With respect to Deutsch's wrongful denial claim, AmeriBen argues that Plaintiff "never made factual allegations or legal arguments in the Complaints as to why the relevant service should have been fully covered under the terms of his plan," and that Magistrate Judge Eifert improperly "pull[ed] information from the Plan documents to support an argument never put forward by the Plaintiff . . .." Second Set of Obj. 5. But the Court strenuously disagrees.[4]

Inasmuch as AmeriBen concedes that Deutsch's complaints should be construed liberally and that his "original complaint may be considered alongside his amended complaint," Second Set of Objs. 5, it is simply disingenuous for AmeriBen to argue that Deutsch has not alleged that the relevant service was covered. In fact, Deutsch's complaints expressly plead as much. *See* Compl. 4 (alleging the claim was "a health claim for preventative care which is fully covered per the health insurance plan"); Am. Compl. 6 (alleging the claim was for "routine preventative blood work at an in-network lab"). He also attached an appeal denial he received from AmeriBen which provides that his Plan includes, at a minimum, the following coverage:

---

[4] Indeed, while AmeriBen argues that the Magistrate Judge improperly dug through Plan documents, it was AmeriBen who attached the Plan in whole and argued it could be properly considered in the Court's evaluation of the motion to dismiss. *See* Mot. to Dismiss at 1 n.1; Renewed Mot. to Dismiss at 1 (citing Plan).

> PREVENTATIVE CARE
>
> If the service is listed as A or B rated on the U.S. Preventative Service Task Force list, the IRS Safe Harbor preventative services list, or preventative care for children under Bright Future Guidelines, then the service is covered at 100% when performed by a network provider at a Routine Wellness Care visit.

Compl. at 19. Yet, AmeriBen's denial simply stated that the claim was not covered because the testing did not fall under the U.S. Preventative Service Task Force list. *Id.* It did not address whether the preventative care was covered under the IRS Safe Harbor preventative services list. Nor does it address whether preventative care is limited to services listed on the U.S. Preventative Service Task Force List and the IRS Safe Harbor preventative list. Thus. the bloodwork could have been covered under some other provision of Deutsch's plan.

Based on the foregoing, Magistrate Judge Eifert correctly found Deutsch had submitted sufficient facts to state a plausible claim that the bloodwork was covered by his Plan. *See* Second PF&R 14–18.[5]

The Court similarly rejects AmeriBen's assertion that the Second PF&R "constructs an estoppel legal argument that was not laid out by the Plaintiff." Second Set of Objs. at 6. The Amended Complaint clearly alleges that Deutsch relied on oral and verbal representations from the AmeriBen's representatives that he would not bear any out-of-pocket expenses. Am. Comp. 6.

While AmeriBen vociferously argues that the "representatives" were employees of Accolate, a third-party administrator whose actions AmeriBen cannot be held responsible for,

---

[5] Moreover, Judge Eifert aptly noted that the Court is without the necessary information to decide whether the claim was wrongfully denied, because it does not know what information the claim administrator relied upon. Second PF&R at 12–13, 18; *see Booth v. Wal-Mart Stores*, 201 F.3d 335, 342 (4th Cir. 2000).

Judge Eifert noted that the documents before the Court "suggest a greater connection between the two parties." Second PF&R at 21–22.[6]

Accordingly, the Court is satisfied that the Magistrate Judge did not rely on improper facts or legal theories not properly raised by the pleadings, and AmeriBen's first set of objections need not be addressed.

2. *The Magistrate Judge Properly Considered Both Binding and Persuasive Authority*

For its second objection, AmeriBen submits that the Second PF&R improperly disregards binding authority that precludes Deutsch's estoppel claim. Once again, the Court is not persuaded. Judge Eifert accurately explained the binding precedent set forth in *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54 (4th Cir. 1992). *Coleman* prohibits the use of estoppel claims that would *modify* the unambiguous terms of an ERISA plan. *See* Second PF&R at 19 (citing *Coleman*, 969 F.2d at 59 for that very proposition).

Judge Eifert went on to explain that the question of whether estoppel claims are available to address "informal interpretations of ambiguous provisions" of an ERISA plan, has not been addressed by our Circuit Court. *Id.* at 19–20. She faithfully noted that courts within this circuit have found that *Coleman* has left open the possibility for such claims and therefore that AmeriBen's "contention that estoppel is categorically unavailable in ERISA actions is conjectural." *Id.* at 20–21. That conclusion does not disregard controlling precedent, but rather emphasizes how AmeriBen's arguments failed to address the nuances of the issue before it.

As explained by Judge Eifert, without knowing what the claim administrator relied upon to make his or her decision, the Court is not in the position to determine whether the estoppel claim in this case is *specifically* foreclosed by *Coleman*. *See* Second PF&R at 21.

---

[6] As noted above, the documents referenced by Judge Eifert were supplied by AmeriBen.

**CONCLUSION**

The Court, having reviewed the Complaint and the Defendant's motions de novo, rules as follows:

(1) Defendant's Motion to Dismiss, ECF No. 3, is **DENIED AS MOOT**;

(2) Magistrate Judge Eifert's Findings and Recommendations, ECF No. 23, are **ADOPTED**;

(3) Defendants second set of objections, ECF No. 24, are **OVERRULED**; and

(4) Defendant's Renewed Motion to Dismiss, ECF No. 16, is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, any unrepresented parties, and Magistrate Judge Cheryl A. Eifert.

ENTER: March 8, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE